UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA (IRS), | § § § |
| Plaintiff, | § § |
| VS. | §   CIVIL ACTION NO. 3:11-CV-464 |
| | § |
| JAMES L ZIEGENHALS, *et al*, | § § |
| Defendants. | § |

## MEMORANDUM AND ORDER

The IRS seeks payment of delinquent private foundation excise taxes, federal income taxes, penalties, and interest totaling over $460,000 from Defendant James Ziegenhals. The IRS filed a motion for summary judgment and despite multiple deadline extensions in this long pending case, including one granted *sua sponte* by the Court and one granting a motion for continuance filed *pro se* by Ziegenhals, Ziegenhals has failed to respond. Ziegenhals has also failed to respond to the IRS's requests for admissions. Based on the evidentiary record before the Court, the IRS's Motion for Summary Judgment (Docket Entry No. 42) is **GRANTED**.

## I. BACKGROUND[1]

### A. The Le Tulle Foundation and Ziegenhals' Tax Liability

The Le Tulle Foundation was formed in 1991 as a testamentary trust with the stated purpose of operating "exclusively for charitable purposes for the benefit of the citizens of Matagorda County, Texas [and] for no other purposes." Docket Entry Nos. 42-2 ¶ 3; 42-3 ¶¶ 11.1, 11.2. It was incorporated as a nonprofit corporation in the State of Texas and granted tax exempt status by the IRS. Docket Entry Nos. 14 ¶ 12; 1 ¶ 13. Pursuant to Thomas Beach Le Tulle's will, the Foundation was also made the legal owner of 1475 acres of ranch property in Matagorda County. Docket Entry Nos. 42-2 ¶¶ 2.1, 2.2, 6.1(b)(xii), 11.1, 11.2. Ziegenhals is the nephew of Le Tulle, and he drafted his uncle's will. Docket Entry No. 14 ¶ 10. Ziegenhals served as the manager, director, trustee, and registered agent of the Foundation from its inception until he was removed from these positions after the filing of this action. *Id.*

The IRS audited the Foundation in 2005 and discovered that it did not operate for a charitable purpose. Docket Entry No. 42-1 ¶¶ 3, 6. As a result, the IRS revoked the Foundation's tax exempt status on August 17, 2009. *See* IRS Announcement 2009-61, 2009 WL 2483558. The Le Tulle Foundation corporation

---

[1] Since Ziegenahls failed to respond to the summary judgment motion, the factual background is based on the evidence provided in the IRS's Motion for Summary Judgment (Docket Entry No. 42).

was also involuntarily dissolved in December of 2007 for not filing required state documents and is currently a defunct corporation.  Docket Entry Nos. 42-2; 42-4; 42-5.

During the audit, the IRS also determined that Ziegenhals used funds from the Foundation to obtain personal benefits and pay his expenses unrelated to the purported charitable purposes.  Docket Entry No. 42-1 ¶¶ 5, 6, 8.  Specifically, Ziegenhals had engaged in self-dealing transactions in the amount of $46,266.21—including expenses paid by check ($38,738.85), ATM/Debit card transactions ($1,437.36), overdraft bank charges resulting from paying personal expenses ($434), and the fair rental value ($5,656.00, based on Bureau of Labor Statistics) of using the foundation's property as a personal residence.  *Id*. ¶ 8.  In addition, the IRS determined that Ziegenhals had complete decision-making authority for the Foundation's expenditures and funds.  *Id.* ¶ 7.

Ziegenhals filed an individual income tax return for 2007, showing a tax due of $9,689.00.  Docket Entry Nos. 42-2; 42-12 at line 63.  This amount was not fully paid, resulting in additional penalties and interest for 2007, and an unpaid balance of $6,829.98.  Docket Entry Nos. 42-2; 42-7; 42-12 at lines 63, 72, 76.

On or about the date of the assessments in 2008 and 2009, the IRS provided notice of and demand for payment to Ziegenhals for his unpaid private foundation excise taxes (Form 4720), unpaid federal income tax (Form 1040), penalties,

statutory additions, and interest. *See* Docket Entry Nos. 42-2; 42-6 (IRS Certified Transcript for 4720 Assessments); 42-7; 42-11 (Notice of Deficiency for 4720 Liabilities). As of November 29, 2013, Ziegenhals owed $461,125.44 for both the 1040 and the 4720 assessments. Docket Entry Nos. 42-13 ¶¶ 4, 5; 42-14; 42-15.

### B. The Present Lawsuit and Claims Against Other Parties

The IRS filed suit in this matter in 2011, seeking to reduce federal tax assessments to judgment against both the Le Tulle Foundation and Ziegenhals and to foreclose tax liens against real property owned by the Foundation. *See* Docket Entry No. 1. After the lawsuit was filed, Ziegenhals was removed as trustee of the Le Tulle Foundation through a state court action, and Frost Bank was inserted as a temporary trustee. *See* Docket Entry Nos. 17, 22. This case was then stayed until it was determined in the state court action that Frost Bank would litigate this case on behalf of the Le Tulle Foundation. *See* Docket Entry No. 30.

Frost Bank and the IRS have filed an Agreed Judgment in favor of the IRS, which the Court has entered. Docket Entry No. 38. Matagorda County and the IRS have stipulated as to the priority of their respective liens. Docket Entry No. 39. Robert Ziegenhals, the brother of James Ziegenhals, has disclaimed any interest in the subject property, and has been dismissed from these proceedings. Docket Entry Nos. 40, 41. Thus, the IRS has resolved its claims with all Defendants other than James Ziegenhals.

In August 2013, the IRS sent discovery requests to Ziegenhals at all known addresses, including requests for admission asking Ziegenhals to admit or deny the factual basis underlying the IRS Notice of Deficiency—in particular, that in 2003 he used $46,266.21 in Le Tulle Foundation funds or assets to pay for personal expenses and has never paid these funds back. Docket Entry Nos. 42-2 ¶ 9; 42-10; 42-11. To date, Ziegenhals has not answered, objected to, or responded to the discovery requests. Docket Entry No. 42-2 ¶ 9.

## II. DISCUSSION

### A. Standard of Review

When a party moves for summary judgment, the reviewing court shall grant the motion "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). After the moving party has met its initial burden, the burden shifts to the nonmovant to establish the existence of a genuine issue for trial. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *Wise v. E.I. DuPont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts on questions of fact must be resolved

in favor of the party opposing summary judgment. *See Evans v. City of Houston*, 246 F.3d 344, 348 (5th Cir. 2001) (citation omitted).

A court may not grant summary judgment simply because a nonmovant fails to respond, but the court may decide the merits of the case based on the moving party's motion and supporting evidence. *See Parish v. Werner Co.,* 2006 WL 734418, at *1 (S.D. Tex. Mar. 20, 2006); *Eversley v. MBank Dallas,* 843 F.2d 172, 173–74 (5th Cir. 1988) (affirming district court's acceptance of the facts in the moving party's motion for summary judgment as undisputed when the nonmovant failed to submit a response).

### B. Ziegenhals' Tax Liability

The amount allegedly owed by Ziegenhals—$461,125.44 as of November 29, 2013—is based on the IRS's calculations of penalties, statutory additions, and interest that have accrued from his unpaid private foundation excise taxes in 2003 and his unpaid federal income taxes in 2007. *See* Docket Entry Nos. 42-13, 42-14, 42-15. The current amount owed is much larger than the original unpaid taxes of $46,266.21 from 2003 and $6,829.98 from 2007 because the IRS assessed several statutory taxes and penalties on Ziegenhals as both a self-dealer and foundation manager for each year until he was issued the notice of deficiency in 2009—an example of what can happen when someone fails to pay his taxes in the first place and then also does not cooperate in repaying the delinquencies in a timely manner.

*See* Docket Entry No. 42 at 6 (table of assessments by year); 26 U.S.C. §§ 4941 (tax on self-dealing), 4945 (tax on certain expenditures), 6684 (penalties for willful and flagrant conduct).  For example, the IRS imposed a first tier tax of 5 percent for each act of self-dealing, *see* 26 U.S.C. § 4941(a)(1), a second tier tax of 200 percent of the amount involved for each act of self-dealing that was not corrected within the taxable period, *see* § 4941(b)(1), a first tier tax of 2.5 percent against Ziegenhals as the foundation manager, *see* § 4945(a)(2), and a second tier tax of 50 percent of the amount involved for refusing to agree to corrections, *see* § 4945(b)(2).  In addition, the IRS determined that Ziegenhals' actions constituted willful and flagrant conduct, and thus imposed a penalty equal to the amount of the private foundation excise taxes pursuant to § 6684.

IRS tax assessments are presumed to be correct, and the taxpayer bears the burden of overcoming this presumption. *See United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242-43 (2002); *United States v. Janis*, 428 U.S. 433, 440–41 (1976); *Affiliated Foods, Inc. v. Comm'r*, 154 F.3d 527, 530 (5th Cir. 1998).  The IRS has introduced Certificates of Assessments and Payments (Form 4340s), Certified Account Transcripts, and a Notice of Deficiency—all of which are entitled to a presumption of correctness, which Ziegenhals has failed to rebut.  *See United States v. McCallum*, 970 F.2d 66, 71 (5th Cir. 1992) (Form 4340s can be "presumptive proof of a valid assessment where the taxpayer has produced no

evidence to counter that presumption"); *United States v. Washington*, 2011 WL 3902737, at *8 (S.D. Tex. 2011) (collecting cases about certified account transcripts and holding that the transcripts gave "rise to a presumption that [the] amounts are correct" because the defendant had not offered any "valid evidence to rebut the presumption"); *Sealy Power, Ltd. v. Comm'r of Internal Revenue*, 46 F.3d 382, 387 (5th Cir. 1995) ("A determination of deficiency issued by the Commissioner is generally given a presumption of correctness, which operates to place on the taxpayer the burden of producing evidence showing that the Commissioner's determination is incorrect.").

The IRS assessments are entitled to a presumption of correctness that Ziegenhals has failed to overcome. Thus, summary judgment is appropriate on Ziegenhals' private foundation excise tax and income tax liabilities.[2]

---

[2] Alternatively, Ziegenhals' liability is conclusively established through his failure to respond to the request for admissions. Pursuant to the Federal Rules of Civil Procedure, a request for admission is deemed admitted unless objected to or denied within 30 days after being served. Fed. R. Civ. P. 36(a)(3); Fed. R. Civ. P. 8(b)(6). An admitted matter is "conclusively established" unless the court, on motion, permits the admission to be withdrawn or amended. Fed. R. Civ. P. 36(b). A party moving for summary judgment may support its assertion that there is not a genuinely disputed fact by citing to "admissions." Fed. R. Civ. P. 56(c)(1)(A). Thus, summary judgment is appropriate in a tax assessment case when the respondent fails to respond to requests for admission as to the validity of tax assessments. *In re Carney*, 258 F.3d 415, 418–19 (5th Cir. 2001). The evidence demonstrates that Ziegenhals was served with requests for admission, including the basis for $46,266.21 in unpaid private foundation excise taxes, but has failed to respond or subsequently move to withdraw his admissions. While Ziegenhals is currently *pro se*, the Court notes that he has worked as an attorney (although no longer licensed in Texas), and thus should be more familiar with litigation procedures than an average *pro se* litigant. *See* Docket Entry No. 42 at 17 n.17 ("As of October 15, 2013, an internet search of Ziegenhals on the State Bar of Texas website . . . shows 1) Ziegenhals' state bar card number is [X]; 2) that Ziegenhals' current status is 'Not Eligible to Practice in Texas.'").

## III.  CONCLUSION

For the reasons discussed above, the IRS's Motion for Summary Judgment (Docket Entry No. 42) is **GRANTED**.  Within seven days, the IRS shall submit a proposed final judgment based on this ruling.

**SIGNED** this 20th day of March, 2014.

_____
Gregg Costa
United States District Judge